IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARCUS PATTON                                                                                       PETITIONER
ADC #144778

5:14-cv-00406-JTK

WENDY KELLEY, *Director*,                                                                    RESPONDENT
Arkansas Department of Correction[1]

MEMORANDUM AND ORDER

Petitioner Marcus Patton, an inmate of the Arkansas Department of Correction ("ADC"), filed this timely petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after a Pope County, Arkansas, jury found him guilty of aggravated robbery. (Doc. No. 2.) On November 20, 2015, the district judge reassigned this case to the Court based on the parties' consent. (Doc. No. 6.) For the following reasons, Mr. Patton's petition is denied.

I.   PROCEDURAL HISTORY

On November 17, 2010, a jury in the Pope County Circuit Court found Mr. Patton guilty of aggravated robbery. (Doc. No. 7-1 at 2.) The jury sentenced Mr. Patton to serve 300 months in the ADC. (*Id.* at 1.) On November 19, 2010, the circuit clerk filed the Judgment and Commitment Order. (*Id.*).

Subsequently, Mr. Patton appealed his conviction. (*See* Doc. No. 9-1.) In his appeal, Mr. Patton argued that the circuit court erred in (1) denying his motion for a directed verdict because the evidence was insufficient to identify Mr. Patton as an active participant in the robbery; (2) failing to *sua sponte* raise a racial bias question regarding the prosecution's juror strikes,

---

[1] Wendy Kelley replaced Ray Hobbs as the Director of the Arkansas Department of Correction. Pursuant to 28 U.S.C. § 2244, the Clerk is directed to substitute Wendy Kelley as the Respondent in this matter.

pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986); and (3) failing to instruct the jury on the lesser-included offense of simple robbery. (*Id.* at 8-15.)

On October 23, 2013, the Arkansas Court of Appeals affirmed the circuit court's verdict. (Doc. No. 9-3 at 1.) It held that Mr. Patton's sufficiency of the evidence argument on appeal was different than his argument in his motion for a directed verdict in the circuit court, so the argument on appeal was not preserved for review. (*Id.* at 2.) It further held that Mr. Patton's trial counsel had a duty to raise the *Batson* challenge, and Mr. Patton could not raise that issue for the first time on appeal. (*Id.* at 3.) Lastly, it held that the circuit court was not required to give the lesser-included offense instruction to the jury because his trial counsel did not request it. (*Id.* at 3.)

On November 3, 2014, Mr. Patton filed this petition for a writ of habeas corpus. (Doc. No. 2.) On November 24, 2014, the Director of the ADC (the "Director") filed a response, asking the Court to deny Mr. Patton's petition. (Doc. No. 7.) On November 12, 2015, the Court ordered the Director to file the documents required by Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. (Doc. No. 8.) On November 19, 2015, the Director filed those documents. (Doc. No. 9.)

II.     STANDARD OF REVIEW

A district court has jurisdiction to entertain writs of habeas corpus on behalf of people in custody pursuant to state court judgments. 28 U.S.C. § 2254(a) (2006). The only issue the district court may consider is whether a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.*

A court may not grant a petition for a writ of habeas corpus unless the applicant exhausts the "remedies available in the courts of the State" prior to filing the petition. *Id.* at (b)(1)(A). A

petitioner "must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims." *Kennedy v. Delo*, 959 F.3d 112, 115 (8th Cir. 1992.) Failure to do so will result in his claims being barred "unless []he can demonstrate cause for the default and actual prejudice as a result of the violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Harris v. Lockhart*, 948 F.2d 450, 452 (8th Cir. 1991) (quoting *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).

If a petitioner raises a claim that was fairly presented and adjudicated on the merits in state court, the federal court can overturn the state court's decision only if it

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006). A factual determination by the state court is "presumed correct," and a petitioner can only rebut that presumption with "clear and convincing evidence." *Id.* at (e)(1).

III.   ANALYSIS

In Mr. Patton's petition for a writ of habeas corpus, he asserts four grounds for relief: (1) insufficient evidence to convict him because there was no proof that the victim was hit during the robbery; (2) the circuit court failed to instruct the jury on the lesser-included charge of robbery; (3) ineffective assistance of trial counsel for failing to call his co-defendants as witnesses during trial; and (4) ineffective assistance of trial counsel for failing to raise any objections at trial. (Doc. No. 2 at 4-7.)

### A. INSUFFICIENT EVIDENCE

Mr. Patton first argues that the evidence was insufficient to convict him at trial because there was no evidence that anybody hit the victim during the robbery. (Doc. No. 2 at 4.) The Director argues that this claim is procedurally defaulted because it is a different insufficiency of the evidence argument than what was raised on appeal. (Doc. No. 7 at 3.)

Mr. Patton's insufficiency of the evidence argument is procedurally defaulted. At trial, Mr. Patton argued that there was insufficient evidence to show that a theft occurred. (Doc. No. 9-1 at 8.) On direct appeal, Mr. Patton argued that there was insufficient evidence to show that he actively participated in the robbery. (*Id.* at 9.) Now, Mr. Patton is arguing that there is insufficient evidence to show that somebody hit the victim. (Doc. No. 2 at 4.) Since Mr. Patton never presented this claim to the state courts, it is procedurally defaulted.

To demonstrate cause for his procedural default, Mr. Patton argues that his "[p]aid lawyer handled" his appeal. (Doc. No. 2 at 4.) Liberally construed, Mr. Patton could be arguing that his counsel on direct appeal should have raised this claim and did not. For an ineffective assistance of appellate counsel claim to be used as cause to excuse a procedural default, the petitioner must first present that claim to the state court to preserve it for habeas review. *Charron v. Gammon*, 69 F.3d 85, 858 (8th Cir. 1995). Since Mr. Patton did not present his ineffective assistance of appellate counsel claim to the state courts, it is procedurally defaulted, and cannot constitute cause to excuse Mr. Patton's procedural default of his insufficiency of the evidence claim. Therefore, this claim is denied.

### B. LESSER-INCLUDED OFFENSE JURY INSTRUCTION

Mr. Patton next argues that the jury should have been instructed on the lesser-included charge of robbery. (Doc. No. 2 at 5.) He claims that he raised this claim to the state appellate

court. (*Id.*). The argument in the appellate court was that the circuit court erred by failing to instruct the jury with the robbery jury instruction. (Doc. No. 9-1 at 11.) Therefore, the Court construes Mr. Patton's habeas claim as making the same argument.[2] The Director argues that the question of whether the state court should give a jury instruction for a lesser-included offense is a question of state law and is incognizable in a federal habeas proceeding. (Doc. No. 7 at 3 n.2.)

The United States Court of Appeals for the Eighth Circuit has held that the "failure to give a lesser included offense instruction in a noncapital case rarely, if ever, presents a constitutional question." *Pitts v. Lockhart*, 911 F.2d 109, 112 (8th Cir. 1990) (citing *DeBerry v. Wolff*, 513 F.2d 1336, 1339 (8th Cir. 1975)). Additionally, the "Supreme Court has never held that due process requires the giving of lesser-included-offense instructions in noncapital cases." *Dickerson v. Dormire*, No. 00-2640EM, 2 Fed. Appx. 695, 696 (8th Cir. Mar. 20, 2001). Therefore, the Arkansas Court of Appeals's decision is not contrary to clearly-established federal law as determined by the United States Supreme Court, and this claim is denied.

C.  INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Mr. Patton's two remaining ineffective assistance of trial counsel claims are procedurally defaulted because he never presented these claims to any state court. He alleges that trial counsel told him to wait to present these claims in his state petition for post-conviction relief, under Arkansas Rule of Criminal Procedure 37.1 ("Rule 37"). (Doc. No. 2 at 6, 8.) However, Mr. Patton never filed a Rule 37 petition. (*Id.*). Since he does not allege any cause for his procedural default, these claims are denied as procedurally defaulted.

IV.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must determine whether to issue a certificate of appealability in its

---

[2] Construing this claim in a different manner would cause the claim to be procedurally defaulted.

final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2) (2006). The Court finds no issue on which Mr. Patton has made a substantial showing of a denial of a constitutional right. Thus, the Court will not issue a certificate of appealability.

V.     CONCLUSION

Mr. Patton's petition for a writ of habeas corpus (Doc. No. 2) does not present a claim for which he is entitled relief and is denied with prejudice. The Court will not issue a certificate of appealability. Because the Court will not issue a certificate of appealability, it certifies that an appeal in forma pauperis would not be taken in good faith. FED. R. APP. P. 24(a)(3)(A).

SO ORDERED this 12th day of January, 2016.

_____
United States Magistrate Judge